# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL HIGGIN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N24A-06-006 CEB |
| | ) | |
| STATE OF DELAWARE, | ) | |
| OFFICE OF THE FIRE | ) | |
| MARSHALL, | ) | |
| | ) | |
| Appellee. | ) | |

Submitted: September 26, 2024
Decided: November 8, 2024

## ORDER DISMISSING APPEAL

Michael Higgin has filed an appeal of a decision by the State Fire Marshall. The State Fire Marshall, represented by the Department of Justice, has moved to dismiss. For the following reasons, the motion to dismiss will be granted.

1.  In this appeal, Michael Higgin ("Higgin"), *pro se*, explains that the appellant is "Messiah's Angels Foundation, LLC" ("Messiah's Angels"). The complaint comes from a printer that appears to have just about run out of ink. It is quite difficult to read.

2.  From what the Court can discern, admittedly by some reference to the Fire Marshall's motion to dismiss, Messiah's Angels has either purchased or leased the now closed Catholic school belonging to Our Lady of Fatima church. Messiah's Angels was seeking to convert its use to an adult day care center or

some similar purpose. In order to make the conversion, the plans for the facility needed approval from the State Fire Marshall. That approval was not forthcoming, and Mr. Higgin appealed to this Court. Several substantive grounds involving complicated fire protection regulations are asserted, but the substance is not relevant here. Mr. Higgin's appeal must be dismissed on procedural grounds.

3. First, Appellant is identified as Messiah's Angels, which self identifies as an artificial legal entity – an LLC.  Under Delaware law, legal entities may not appear in a matter *pro se*, but must be represented by counsel. "While a natural person may represent himself or herself in court even though he or she may not be an attorney licensed to practice, a corporation, being an artificial entity, can only act through its agents and, before a court only through an agent duly licensed to practice law."[1]

4. Second, the appeal is said to be an appeal of a decision by the State Fire Marshall dated October 17, 2023. The appeal was filed on June 25, 2024. Appeals from the State Fire Marshall's decisions are to the State Fire

---

[1] *Transpolymer Indus., Inc. v. Chapel Main Corp.*, 582 A.2d 936, 936 (Del. 1990) (quoting  C.D. Sumner, *Annotation, Propriety and Effect of Corporation's Appearance Pro Se, Through Agent Who Is Not Attorney*, 19 A.L.R.3d 1073 (1968); *see also Street Search Partners, L.P.  v. Ricon Intern., L.L.C.*, 2006 WL 1313859, at *2 n.8 (Del. Super. May 2, 2006) (citing *Poor v. Fox Hollow Enterprises*, 1994 WL. 150872, *1 (Del. Super. March 29, 1994)) (as with corporations, LLCs must be represented by legal counsel in court).

Prevention Commission.[2] In fact, an exhibit to Appellant's Notice of Appeal is a final order of the State Fire Prevention Commission, dated October 17, 2023.[3] But appeals from the State Fire Prevention Commission must be filed within thirty days of the decision of the Commission.[4] The docket reflects that the actions complained of took place more than six months earlier, making the appeal untimely. The Court does not have jurisdiction to consider untimely appeals.[5]

5. Finally, it seems that at some point after the Fire Marshall denied the requested permitting, the parties continued discussing alternatives. In fire permit parlance, this is apparently called a "Request for Alternative," and in this case an alternative was approved by the Fire Marshall and pursued, but apparently

---

[2] "Appeals by any person aggrieved by an order or decision of the State Fire Marshal, the Marshal's Deputy or Deputies, or Assistant State Fire Marshals based upon or made in the course of the administration or enforcement of this chapter or local regulations incorporating the State Fire Prevention Commission Regulations shall be taken to the State Fire Prevention Commission." 16 *Del. C.* § 6609(b).

[3] D.I. 1 (Ex. C), Trans. ID 73476932 (June 25, 2024) at 8.

[4] "Any person jointly or severally aggrieved by any decision of the State Fire Prevention Commission . . . may appeal the final order of the State Fire Prevention Commission to the Superior Court within 30 days of service." 16 *Del. C.* §6611(a).

[5] *Giordano v. Marta*, 723 A.2d 833, 834 (Del. 1998) (citing *Bey v. State,* 402 A.2d 362, 363 (Del. Super. 1979)) ("This Court lacks jurisdiction to consider an appeal when the notice of appeal is not filed in a timely manner unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel."); *Branch Banking and Trust Company v. Eid*, 114 A.3d 955, 957 (Del. 2015) (quoting *Giordano*, 723 A.2d at 834).

did not work out.[6] In any event, the grant of the "Alternative" was not appealed to the State Fire Prevention Commission and is not a "final order"[7] from which an appeal to this Court may lie. The Court thus has no appellate jurisdiction over this dispute as it is, at best, interlocutory.

For all of the above reasons, the appeal filed by Mr. Higgin must be dismissed.

**IT IS SO ORDERED.**

*/s/ Charles E. Butler*
Charles E. Butler, Resident Judge

---

[6] D.I. 1 (Ex. E), Trans. ID 73476932 (June 25, 2024) at 2-4; D.I. 1 (Ex. F), Trans. ID 73476932 (June 25, 2024) at 1-5.

[7] 16 *Del. C.* §6611(a); *see also Gala v. Delaware Bd. of Med. Licensure & Discipline*, 2020 WL 2111372, at *5 (Del. Super. May 1, 2020), *aff'd sub nom. Gala v. Bullock*, 250 A.3d 52 (Del. 2021) (citing *Clendaniel v. McDaniel Constr., Inc.*, 787 A.2d 100, 100 (Del. 2001)) ("Only final orders of an agency may be appealed; e.g., an appeal of a decision . . . short of a final award, will be dismissed as interlocutory.").